**United States District Court**
**District of Massachusetts**

```
_____       )
                                  )
United States of America          )
                                  )
          v.                      )       Criminal Action No.
                                  )       16-10278-NMG
Moustafa Moataz Aboshady,         )
                                  )
          Defendant.              )
_____       )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Moustafa Moataz Aboshady ("defendant" or "Aboshady") has been indicted on 1) one count of conspiracy to make false statements and to conceal in connection with health care benefit programs, in violation of 18 U.S.C. § 371 and 2) two counts of false statements in connection with health care benefit programs, in violation of 18 U.S.C. § 1035. The indictment also includes a criminal forfeiture allegation.

Currently before the Court is defendant's motion to reassign his case to the United States District Judge who has been presiding over a case involving his uncle. For the reasons that follow, the motion will be denied.

## I.  Background

At relevant times, defendant, who has a medical degree from Egypt, worked with his uncle, Fathalla Mashali ("Mashali") at New England Pain Associates ("NEPA"). Mashali was indicted in

-1-

March, 2014 on charges relating to an alleged scheme to defraud several Medicare providers.  The case was assigned to United States District Judge Rya W. Zobel.

In April, 2015, a grand jury returned a second superseding indictment against Mashali charging him with violations of 18 U.S.C. §§ 1347 (health care fraud), 1349 (conspiracy to commit mail fraud) and 1957 (money laundering).  Approximately two years later, in March, 2017, Mashali pled guilty to several counts in the indictment. United States v. Mashali, No. 14-10067, ECF No. 329 (D. Mass. Mar. 15, 2017).

Aboshady was indicted on September 27, 2016 on charges stemming from his alleged involvement in that same scheme.  His case was randomly assigned to this session.

## II.  Defendant's Motion for Reassignment

### A.   Legal Standards

#### 1.   The Current Local Rule 40.1(I)

Local Rule 40.1(I) permits a United States District Judge to return a case to the Clerk for reassignment.  It states:

> In the interest of justice or to further the efficient performance of the business of the court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the Chief Judge, or, with respect to civil cases only, may transfer the case to another judge, if the other judge consents to the transfer.

### 2.   The Amended Local Rule 40.1(I)

In February, 2016, the Clerk of Court, Robert M. Farrell, published a proposed amendment to Local Rule 40.1(I) for public comment.  The amended version of Local Rule 40.1(I), which has not yet been adopted, provides:

> A judge may transfer a criminal case to another judge, with the consent of (1) the other judge, (2) the chief judge, and (3) the parties in the transferred case, in order to permit a defendant charged in multiple criminal cases to plead guilty, to stand trial, to be sentenced, or otherwise to address multiple criminal matters involving that defendant in a single proceeding.

### B.   Application

First, the Court concludes that under the proposed, amended Local Rule 40.1(I), reassignment of this case to Judge Zobel would be prohibited.  The amended rule clearly states that "consent . . . of the parties" is required.  Here, the government does not consent.

Second, even under the current Local Rule 40.1(I), reassignment is unwarranted.

### 1.   Interests of Justice

Defendant claims that the government, by indicting defendant but failing to add him as a co-defendant in the case against Mashali, undertook "inappropriate" forum shopping, and thus the "interests of justice" support reassignment.  The government responds that there is no evidence of inappropriate

conduct and that it properly complied with Local Rule 40(B)(3) which governs the initial assignment of cases.  The Court agrees with the government.

When the government filed its indictment against Aboshady, it properly submitted the JS-45 form which lists limited options for marking a case as related:  1) a superseding indictment, 2) a prior magistrate judge assignment or 3) transfer from another district.  None of those options applies in this case.

Moreover, although reassignment under Local Rule 40.1(I) may be in the interests of justice when the complaints (or indictments) are "identical," see Aldrich v. Young, No. 13-10466, 2013 WL 3802436, at *1 n.3 (D. Mass. July 18, 2013), here defendant and his uncle have been charged with separate crimes requiring proof of different elements.  That fact weighs against reassignment.

### 2.  Judicial Efficiency

Next, defendant maintains that it would be more efficient to reassign the case to Judge Zobel because she is already familiar with the common underlying facts and would have the benefit of having had presided over the trial of defendant's uncle.

Although this session has the luxury of hindsight, defendant's uncle has now pled guilty and no trial will take place.  Even if a trial had occurred, however, a jury is the

ultimate fact-finder and, thus, it is not apparent how this session would be at a disadvantage with respect to its factual understanding of the case.

Furthermore, defendant admits in his memorandum supporting his motion that he would likely seek a severance of his case from his uncle's if they were to be charged in the same indictment.  If granted, such a severance would negate any purported efficiency resulting from the reassignment of this case to Judge Zobel.

Accordingly, in light of the fact that defendant has not shown that reassignment 1) would be in the interests of justice or 2) result in judicial efficiency, the Court will deny defendant's motion to reassign his case to Judge Zobel.

## ORDER

For the forgoing reasons, defendant's motion for reassignment (Docket No. 37) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 29, 2017