**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:16-cr-10278-NMG |
| v. | ) | |
| MOUSTAFA MOATAZ ABOSHADY | ) | ORAL ARGUMENT REQUESTED |
| Defendant. | ) | |

**DR. MOUSTAFA ABOSHADY'S SECOND MOTION TO COMPEL DISCOVERY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16 AND LOCAL RULE 116.3**

**I.   Motion to Compel**

The Defendant, Dr. Moustafa Aboshady, hereby moves this Court for an order compelling discovery of the following items:

1. All documents and information in any form regarding the Government's execution of the NEPA Warrants,[1] the Gmail Warrant,[2] and the AOL Warrant[3] and review of the documents and electronic data seized pursuant to those warrants.

   Such items specifically include, but are not limited to:[4]

   A. The names, job titles, and employers of all Government employees and contractors who conducted any portion of the review of electronic data collected in connection with the NEPA Warrants, the Gmail Warrant, and/or the AOL Warrant, including, but not limited to, the agent mentioned in the

---

[1] The "NEPA Warrants" are the September 18, 2013 warrants to search NEPA locations in Holbrook, MA (no bates number), Lincoln, RI (FM-USAO-000372), Winchester, MA (no bates number), and Worcester, MA (no bates number). They are attached to the accompany declaration of Joshua N. Ruby as Exhibit 1 through Exhibit 4.
[2] The "Gmail Warrant" is the March 13, 2014 warrant directed to Google, Inc., bearing the bates number FM0038908, and attached to the Ruby Declaration as Exhibit 5.
[3] The "AOL Warrant" is the March 13, 2014 warrant directed to AOL, Inc., bearing the bates number FM-USAO-000121, and attached to the Ruby Declaration as Exhibit 6.
[4] This list is purely illustrative and in no way limits the Government's automatic discovery obligations under Local Rule 116.2(b)(1)(B) or the scope of the discovery Dr. Aboshady seeks to compel the Government to produce by way of this motion.

       Government's letter to Dr. Aboshady's counsel dated July 31, 2017 (the "July 31 Letter").[5]

B. All documents concerning the Government's search plan or methods used to ensure that any attorney-client or otherwise privileged communications swept up by the NEPA Warrants, the Gmail Warrant, and/or the AOL Warrant would remain privileged and confidential, including, but not limited to, the "proper protocols in place to prevent the prosecution team from accidently reviewing [Dr. Aboshady's] privileged attorney-client communications" referred to in the July 31 Letter.

C. If the Government employed a "taint team" or other screening procedure to identify privileged—or potentially privileged—communications, for each such employee or contractor identified in response to Request A above, identify whether he or she was a member of the "prosecution team" or the "taint team."

D. All documents regarding any "taint team" or other screening procedures used to identify and analyze privileged—or potentially privileged—communications seized in connection with this investigation.

E. All search terms used in reviewing the electronic data collected in connection with the NEPA Warrants, the Gmail Warrant, and/or the AOL Warrant.

F. All document review protocols or guides used in reviewing the electronic data collected in connection with the NEPA Warrants, the Gmail Warrant, and/or the AOL Warrant.

G. If the Government employed a "taint team" or other screening procedure to identify privileged—or potentially privileged—communications, for each such protocol or guide identified in response to Request F above, identify whether it was used by members of the "prosecution team," the "taint team," or both.

     For the reasons set forth in the accompanying memorandum of law, Dr. Aboshady respectfully requests that the Court grant the motion.

---

[5] Dr. Aboshady attached the July 31 Letter as an exhibit to his August 8, 2017 discovery letter. *See* ECF No. 80-2. Dr. Aboshady's August 8 discovery letter is attached to the Ruby Declaration as Exhibit 7.

## II.  Request For Oral Argument

Dr. Aboshady believes that oral argument may assist the Court in resolving the issues presented in this motion and hereby requests such a hearing pursuant to Local Rule 7.1(d).

/s/ Joshua N. Ruby
Peter E. Gelhaar (BBO# 188310)
George W. Vien (BBO# 547411)
Joshua N. Ruby (BBO# 679113)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
peg@dcglaw.com
gwv@dcglaw.com
jnr@dcglaw.com

Dated:  August 21, 2017

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1(a) AND 116.3(f)

I hereby certify that counsel for the defendant and counsel for the Government conferred and have attempted in good faith to resolve or narrow the issue presented in this motion as required by District of Massachusetts Local Rules 7.1(a) and 116.3(f).

/s/ *Joshua N. Ruby*
Joshua N. Ruby

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 21, 2017.

/s/ *Joshua N. Ruby*
Joshua N. Ruby