United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 16-10278-NMG |
| Moustafa Moataz Aboshady, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the emergency motion of defendant Moustafa Moataz Aboshady ("defendant" or "Aboshady") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

I. **Background**

In September, 2018, a jury found Aboshady guilty of one count of conspiracy to make false statements and to conceal in connection with health care benefit programs in violation of 18 U.S.C. § 1035(a) and two counts of making false statements in connection with health care benefit programs in violation of 18 U.S.C. § 1035.  In February, 2019, this Court sentenced him to 75 months in prison and three years of supervised release. Aboshady is currently incarcerated in a minimum-security

satellite camp at the United States Penitentiary in Lompoc, California ("USP Lompoc") and his projected release date is July 21, 2024.

Aboshady moves to modify his sentence to time served or to replace the remainder of his time with home confinement. He contends that he suffers from medical conditions that make him especially vulnerable to contracting a severe case of COVID-19, namely sleep apnea, hyperlipidemia, hypercholesterolemia and obesity. He also submits that the balance of factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release. The government disagrees and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a
> failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Aboshady is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has not demonstrated that there are "extraordinary and compelling reasons" that would justify a reduction in his sentence.  Despite claiming that several medical conditions, from which he suffers together, justify his release, only one of those conditions qualifies as placing Aboshady at an increased risk of severe illness from COVID-19: obesity. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 19, 2020) (listing obesity as a condition causing increased risk but not sleep apnea, hyperlipidemia or hypercholesterolemia).

Courts have rejected similar requests for release where inmates cited their obesity as a risk factor for developing COVID-19 complications. See, e.g., United States v. Wesley, 2020 U.S. Dist. LEXIS 129172 (E.D. Mich. 2020) (denying motion for

compassionate release where defendant suffered from obesity, neutropenia and hypertension); United States v. German, 2020 U.S. Dist. LEXIS 181755, at *8 (D. N.H. 2020) (collecting cases where courts declined to release inmates who suffered only from obesity).

Aboshady insists that the dire conditions at USP Lompac exacerbate the risk posed by his health conditions but recent reports portend that the facility has recovered from its earlier outbreak and the facility "simply does not pose the threat it did several months ago." United States v. Bogema, 2020 U.S. Dist. LEXIS 193848, at *7 (D. Haw. 2020).  There is no indication that USP Lompac currently poses an unacceptable threat to prisoner safety or that its officials are unable to treat adequately defendant's obesity.

Even if Aboshady's obesity were to constitute an extraordinary and compelling reason for a reduction in his sentence, such a modification would be inconsistent with the § 3553(a) factors. See United States v. Nygren, 2020 U.S. Dist. LEXIS 129493, at *43-44 (D. Me. 2020) (denying the obese defendant's motion for compassionate release because "it would just be a matter of time before he perpetuated another financial fraud").  Aboshady has served less than one-quarter of his prison sentence for his central role in a conspiracy to commit

fraud that ultimately cost U.S. taxpayers and others approximately $3 million. The seriousness of the offense and the need for just punishment and respect for the law weigh heavily against his release. § 3553(a)(2).

### ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 348) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated November 20, 2020